UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ANGELA KEITH,
on behalf of herself and others similarly situated,

                Plaintiff,

HY CITE ENTERPRISES, LLC,

                Defendant,

Case No.: 3:24-cv-729

Class Action Complaint

Jury Trial Demanded

---

**Nature of the Action**

1. Angela Keith ("Plaintiff") brings this class action against Hy Cite Enterprises, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and artificial or prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A)    to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*\*\*\*\*
>
> (iii)    to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places or causes to be placed to telephone numbers assigned to a cellular telephone service, without prior express consent.

1

4. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places or causes to be placed to wrong or reassigned cellular telephone numbers.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this action occurred in this district, and because Defendant is headquartered in this district.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Longview, Washington.

8. Defendant is a limited liability company based in Middleton, Wisconsin.

9. Defendant owns and operates the Royal Prestige brand, which is a signature collection of home and kitchen solutions and accessories.

## Factual Allegations

10. Plaintiff is, and has been since approximately 2021, the sole and customary user of her cellular telephone number—(XXX) XXX-8832.

11. Since at least 2021, telephone number (XXX) XXX-8832 has been assigned to a cellular telephone service.

12. In approximately January 2024, Defendant began placing calls to (XXX) XXX-8832.

13. Defendant used an artificial or prerecorded voice in connection with its calls to (XXX) XXX-8832.

14. On January 27, 2024, Defendant placed or caused to be placed a call to telephone number (XXX) XXX-8832.

15. In connection with this January 27, 2024 call, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message to telephone number (XXX) XXX-8832.

16. The artificial or prerecorded voice message Defendant delivered, or caused to be delivered, to telephone number (XXX) XXX-8832 on January 27, 2024 was in Spanish.

17. The tone and speech pattern of the January 27, 2024 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

18. On January 31, 2024, Defendant placed or caused to be placed a call to telephone number (XXX) XXX-8832.

19. In connection with this January 31, 2024 call, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message to telephone number (XXX) XXX-8832.

20. The artificial or prerecorded voice message Defendant delivered, or caused to be delivered, to telephone number (XXX) XXX-8832 on January 31, 2024 was in Spanish.

21. The tone and speech pattern of the January 31, 2024 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

22. On February 24, 2024, Defendant placed or caused to be placed a call to telephone number (XXX) XXX-8832.

23. In connection with this February 24, 2024 call, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message to telephone number (XXX) XXX-8832.

24. The artificial or prerecorded voice message Defendant delivered, or caused to be delivered, to telephone number (XXX) XXX-8832 on February 24, 2024 was in Spanish.

25. The tone and speech pattern of the February 24, 2024 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

26. Defendant delivered additional artificial or prerecorded voice messages to (XXX) XXX-8832 on January 29, 2024, January 30, 2024, February 23, 2024, June 24, 2024, March 1, 2024, March 4, 2024, April 19, 2024, May 6, 2024, May 7, 2024, May 8, 2024, May 11, 2024, May 14, 2024, May 30, 2024, June 7, 2024, June 8, 2024, June 11, 2024, June 12, 2024, June 18, 2024, June 19, 2024, June 24, 2024, July 1, 2024, July 11, 2024, July 17, 2024, July 19, 2025, July 25, 2024, August 12, 2024, August 30, 2024, and August 31, 2024.

27. On several instances in 2024, Defendant placed multiple calls to (XXX) XXX-8832 on the same day.

28. On several instances in 2024, Defendant delivered multiple prerecorded voice messages to (XXX) XXX-8832 on the same day.

29. The tone and speech pattern of these voice messages is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

30. In addition, all of the artificial or prerecorded voice messages Defendant delivered, or caused to be delivered, to (XXX) XXX-8832 were in Spanish.

31. All of the artificial or prerecorded voice messages Defendant delivered, or caused to be delivered, to (XXX) XXX-8832 were identical or nearly identical.

32. All of the artificial or prerecorded voice messages Defendant delivered, or caused to be delivered, to (XXX) XXX-8832 referenced Defendant by name.

33. All of the artificial or prerecorded voice messages Defendant delivered, or caused to be delivered, to (XXX) XXX-8832 referenced Royal Prestige.

34. Plaintiff received and listened to the artificial or prerecorded voice messages Defendant delivered, or caused to be delivered, to telephone number (XXX) XXX-8832.

35. Plaintiff answered several of the calls Defendant placed to (XXX) XXX-8832 in 2024.

36. In each instance where Plaintiff answered a call from Defendant, a prerecorded voice message was played before Plaintiff was transferred to a live operator.

37. Plaintiff informed Defendant on more than one occasion that Defendant was calling the wrong number and to stop calling.

38. Despite being informed that it was calling the wrong number, Defendant continued to place calls, and deliver artificial or prerecorded voice messages, to (XXX) XXX-8832 in 2024.

39. Plaintiff does not, and at the time of the subject calls did not, have an account with Defendant.

40. Plaintiff is not, and never was, one of Defendant's customers.

41. Plaintiff did not provide telephone number (XXX) XXX-8832 to Defendant.

42. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-8832.

43. Defendant's calls were intended for a person named Maribel.

44. Plaintiff is not Maribel.

45. Plaintiff does not know Maribel.

46. Defendant did not have Plaintiff's prior express consent to place any calls to telephone number (XXX) XXX-8832.

47. Defendant placed the subject calls to telephone number (XXX) XXX-8832 for non-emergency purposes.

48. Defendant placed the subject calls, and delivered or caused to be delivered artificial or prerecorded voice messages, to telephone number (XXX) XXX-8832 for the purpose of collecting on an account.

49. Defendant placed the subject calls to telephone number (XXX) XXX-8832 voluntarily.

50. Defendant placed the subject calls to telephone number (XXX) XXX-8832 under its own free will.

51. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number (XXX) XXX-8832.

52. The subject prerecorded voice messages are generic—*i.e.*, Defendant delivered identical messages to telephone number (XXX) XXX-8832 on at least 30 occasions—and the messages sound robotic and not like a normal live speech pattern.

53. Given the generic nature of the messages and the uniform content of the messages, the messages Defendant delivered, or caused to be delivered, to telephone number (XXX) XXX-8832 were prerecorded in nature.

54. Defendant's records will identify each call it placed or caused to be placed to telephone number (XXX) XXX-8832.

55. Defendant's records will identify each prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number (XXX) XXX-8832.

56. Plaintiff suffered actual harm as a result Defendant's subject calls to telephone number (XXX) XXX-832, in connection with which Defendant used an artificial or prerecorded

voice, in that Plaintiff suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

57. Plaintiff found the artificial or prerecorded voice messages to be irritating and invasive.

58. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses or causes to be used an artificial or prerecorded voice in connection with calls it places or causes to be placed to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

59. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Hy Cite Enterprises, LLC placed or caused to be placed a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a Hy Cite Enterprises, LLC customer or accountholder, (3) in connection with which Hy Cite Enterprises, LLC used or caused to be used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

60. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

61. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

62. The exact number of the members of the class is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

63. The proposed class is ascertainable because it is defined by reference to objective criteria.

64. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

65. Plaintiff's claims are typical of the claims of the members of the class.

66. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

67. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

68. Plaintiff's claims are based on the same theories as the claims of the members of the class.

69. Plaintiff suffered the same injuries as the members of the class.

70. Plaintiff will fairly and adequately protect the interests of the members of the class.

71. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

72. Plaintiff will vigorously pursue the claims of the members of the class.

73. Plaintiff has retained counsel experienced and competent in class action litigation.

74. Plaintiff's counsel will vigorously pursue this matter.

75. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

76. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

77. Issues of law and fact common to all members of the class are:

    a. Defendant's violations of the TCPA;

    b. Defendant's conduct, pattern, and practice as it pertains to dialing or causing to be dialed wrong or reassigned cellular telephone numbers;

    c. Defendant's conduct, pattern, and practice as it pertains to placing or causing to be placed calls in connection with which it used or caused to be used an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

    d. Defendant's use of an artificial or prerecorded voice; and

    e. The availability of statutory penalties.

78. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

79. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

80. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

81. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

82. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

83. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

84. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

85. There will be little difficulty in the management of this action as a class action.

### Count I: Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

86. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 85.

87. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using or causing to be used an artificial or prerecorded voice in connection with calls it placed, or caused to be placed, to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the class, without consent.

88. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

g) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: October 21, 2024

*/s/ Michael L. Greenwald*
Michael L. Greenwald
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed class