# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WISCONSIN

ANGELA KEITH,

        Plaintiff,

v.

HY CITE ENTERPRISES, LLC,

        Defendant.

Case No. 24-CV-729-jdp

## DEFENDANT'S RESPONSES TO PLAINTIFF'S INITIAL WRITTEN REQUESTS FOR ADMISSION

Defendant Hy Cite Enterprises, LLC ("Hy Cite"), by and through its undersigned attorneys, submits its responses to Plaintiff's Initial Written Requests for Admission as follows:

### PRELIMINARY STATEMENT

The information provided in these responses are based upon a reasonable inquiry and the information known or readily available to Hy Cite as of the date of these responses. Hy Cite's response to any Request is not a waiver of any of its objections to any such Request, in whole or in part, but instead is offered in the spirit of cooperation and in an effort to avoid discovery disputes and/or delays. Hy Cite's investigation is ongoing and may reveal additional information that is responsive. Hy Cite reserves the right to continue discovery and investigation, and in accordance with the Federal Rules of Civil Procedure, present at trial or otherwise additional information discovered after

the date of these responses. Hy Cite also reserves the right to challenge the competence, relevancy, materiality, and admissibility at trial or at any subsequent hearing in this action, of any information provided in these responses.

**RESPONSES TO INITIAL WRITTEN REQUESTS FOR ADMISSION**

1. Admit Defendant made, or caused to be made, calls to Plaintiff between January 1, 2022 and the present.

    **RESPONSE**: Hy Cite objects to this Request as vague and ambiguous because it fails to identify a specific telephone number associated with Plaintiff. Hy Cite also objects to this Request to the extent it implies that Hy Cite knowingly called Plaintiff. Subject to and without waiving the foregoing objections, after conducting a reasonable inquiry and with the information it knows or can readily obtain, Hy Cite lacks knowledge and information sufficient to admit or deny this Request.

2. Admit Defendant made, or caused to be made, calls to telephone number (360) ■-8832 between January 1, 2022 and the present.

    **RESPONSE**: Admit.

3. Admit Defendant made, or caused to be made, calls in connection with which it used an artificial or prerecorded voice, to Plaintiff, between January 1, 2022 and the present.

    **RESPONSE**: Hy Cite objects to this Request as vague and ambiguous because it fails to identify a specific telephone number associated with Plaintiff. Hy Cite also objects to this Request to the extent it implies that Hy Cite knowingly made calls to Plaintiff using an artificial or prerecorded voice. Subject to and without waiving the foregoing objections, after conducting a reasonable inquiry and with the information it knows or can readily obtain, Hy Cite lacks knowledge and information sufficient to admit or deny

this Request.

4. Admit Defendant made, or caused to be made, calls in connection with which it used an artificial or prerecorded voice, to telephone number (360) ■-8832, between January 1, 2022 and the present.

**RESPONSE**: Admit.

5. Admit Defendant made, or caused to be made, calls in connection with which it used an artificial or prerecorded voice, to Plaintiff between January 1, 2022 and the present, and after Plaintiff informed Defendant it was calling the wrong number.

**RESPONSE**: Hy Cite objects to this Request as vague and ambiguous because it fails to identify a specific telephone number associated with Plaintiff. Hy Cite also objects to this Request to the extent it implies that Hy Cite knowingly made calls to Plaintiff using an artificial or prerecorded voice. Subject to and without waiving the foregoing objections, after conducting a reasonable inquiry and with the information it knows or can readily obtain, Hy Cite lacks knowledge and information sufficient to admit or deny this Request.

6. Admit Defendant made, or caused to be made, calls in connection with which it used an artificial or prerecorded voice, to telephone number (360) ■-8832 between January 1, 2022 and the present, and after Plaintiff informed Defendant it was calling the wrong number.

**RESPONSE**: Hy Cite objects to this Request as vague and ambiguous. The Request is compound and contains subparts. Hy Cite objects to this Request as vague and ambiguous because it fails to identify a specific telephone number associated with Plaintiff. Hy Cite also objects to this Request to the extent it implies that Hy Cite knowingly made calls to Plaintiff using an artificial or prerecorded voice. Subject to and without waiving the foregoing objections, Hy Cite admits that it made, or caused to be

3

made, calls in which it used an artificial or prerecorded voice, to telephone number (360) ███-8832 between January 1, 2022 and the present. As for the remain portions of the Request, after conducting a reasonable inquiry and with the information it knows or can readily obtain, Hy Cite lacks knowledge and information sufficient to admit or deny this Request.

7. Admit Defendant made, or caused to be made, calls in connection with which it used an artificial or prerecorded voice, to Plaintiff between January 1, 2022 and the present, in an attempt to reach someone other than Plaintiff.

**RESPONSE**: Hy Cite objects to this Request as vague and ambiguous because it fails to identify a specific telephone number associated with Plaintiff. Subject to and without waiving the foregoing objection, after conducting a reasonable inquiry and with the information it knows or can readily obtain, Hy Cite lacks knowledge and information sufficient to admit or deny this Request.

8. Admit Defendant made, or caused to be made, calls in connection with which it used an artificial or prerecorded voice, to telephone number (360) ███-8832 between January 1, 2022 and the present, in an attempt to reach someone other than Plaintiff.

**RESPONSE**: Admit.

9. Admit that Defendant's calls to (360) ███-8832 between January 1, 2022 and the present were intended for someone with the name "Maribel."

**RESPONSE**: Admit.

10. Admit Defendant does not have any business relationship with Plaintiff.

**RESPONSE**: Hy Cite objects to this Request as vague and ambiguous as to the phrase "business relationship." Subject to and without waiving the foregoing objection, admit.

4

11. Admit Defendant did not have any business relationship with Plaintiff at any time between January 1, 2022 and the present.

**RESPONSE**: Hy Cite objects to this Request as vague and ambiguous as to the phrase "business relationship." Subject to and without waiving the foregoing objection, admit.

12. Admit Defendant has no records of an account with Plaintiff.

**RESPONSE**: Admit.

13. Admit Defendant did not obtain telephone number (360) ███-8832 from Plaintiff.

**RESPONSE**: Admit.

14. Admit Plaintiff did not provide telephone number (360) ███-8832 to Defendant.

**RESPONSE**: Hy Cite objects to this Request to the extent it is duplicative of Request No. 13. Subject to and without waiving the foregoing objection, admit.

15. Admit Plaintiff did not provide telephone number (360) ███-8832 to Defendant in connection with an account belonging to someone with the name "Maribel."

**RESPONSE**: Hy Cite objects to this Request to the extent it is duplicative of Request Nos. 13 and 14. Hy Cite further objects to this Request as vague, ambiguous, and confusing as to the phrase "in connection with an account belonging to someone with the name 'Maribel.'" Subject to and without waiving the foregoing objections, admit.

16. Admit Defendant does not have a written or electronic document from Plaintiff by way of which Plaintiff gave permission for Defendant to make, or cause to be made, calls to telephone number (360) ███-8832 using, or causing to be used, an artificial or prerecorded voice.

**RESPONSE**: Admit.

17. Admit Plaintiff did not give permission for Defendant to make, or cause to be

5

made, calls to telephone number (360) ███-8832 using, or causing to be used, an artificial or prerecorded voice.

**RESPONSE**: Hy Cite objects to this Request to the extent it is duplicative of Request No. 16. Subject to the foregoing objection and without waiving it, admit.

18. Admit Plaintiff did not give Defendant express consent to make, or cause to be made, calls to telephone number (360) ███-8832 using, or causing to be used, an artificial or prerecorded voice.

**RESPONSE**: Hy Cite objects to this Request to the extent it is duplicative of Request Nos. 16 and 17. Subject to the foregoing objection and without waiving it, admit.

19. Admit Defendant does not have a written or electronic document from Plaintiff by way of which she gave permission for Defendant to make, or cause to be made, calls to telephone number (360) ███-8832 intended for someone with the name "Maribel" using, or causing to be used, an artificial or prerecorded voice.

**RESPONSE**: Hy Cite objects to this Request to the extent it is duplicative of Request Nos. 16-18. Hy Cite further objects to this Request as vague, ambiguous, and confusing as to the phrase "intended for someone with the name 'Maribel.'" Hy Cite also objects to this Request as irrelevant and not proportional to the claims or defenses in this case. Subject to and without waiving the foregoing objections, admit.

20. Admit Plaintiff did not give permission for Defendant to make, or cause to be made, calls to telephone number (360) ███-8832 intended for someone with the name "Maribel" using, or causing to be used, an artificial or prerecorded voice.

**RESPONSE**: Hy Cite objects to this Request to the extent it is duplicative of Request Nos. 16-19. Hy Cite further objects to this Request as vague, ambiguous, and confusing as to the phrase "intended for someone with the name 'Maribel.'" Hy Cite also objects to this Request as seeking irrelevant information that is not proportional to the claims or defenses in this case. Subject to and without waiving the foregoing objections,

admit.

21. Admit Defendant does not have a written or electronic document from Plaintiff by way of which she gave permission for Defendant to make, or cause to be made, calls to telephone number (360) ■-8832 intended for someone other than Plaintiff using, or causing to be used, an artificial or prerecorded voice.

**RESPONSE**: Hy Cite objects to this Request to the extent it is duplicative of Request Nos. 16-20. Hy Cite further objects to this Request as vague, ambiguous, and confusing as to the phrase "intended for someone other than Plaintiff." Hy Cite also objects to this Request as seeking irrelevant information that is not proportional to the claims or defenses in this case. Subject to and without waiving the foregoing objections, admit.

22. Admit Plaintiff did not give permission for Defendant to make, or cause to be made, calls to telephone number (360) ■-8832 intended for someone other than Plaintiff using, or causing to be used, an artificial or prerecorded voice.

**RESPONSE**: Hy Cite objects to this Request to the extent it is duplicative of Request Nos. 16-21. Hy Cite further objects to this Request as vague, ambiguous, and confusing as to the phrase "intended for someone other than Plaintiff." Hy Cite also objects to this Request as seeking irrelevant information that is not proportional to the claims or defenses in this case. Subject to and without waiving the foregoing objections, admit.

23. Admit Plaintiff did not give Defendant express consent to make, or cause to be made, calls to telephone number (360) ■-8832 intended for someone other than Plaintiff using, or causing to be used, an artificial or prerecorded voice.

**RESPONSE**: Hy Cite objects to this Request to the extent it is duplicative of Request Nos. 16-22. Hy Cite further objects to this Request as vague, ambiguous, and

confusing as to the phrase "intended for someone other than Plaintiff." Hy Cite also objects to this Request as seeking irrelevant information that is not proportional to the claims or defenses in this case. Subject to and without waiving the foregoing objections, admit.

24. Admit Defendant does not use the Federal Communications Commission's Reassigned Numbers Database.

**RESPONSE**: Hy Cite objects to this Request as overly broad, vague, ambiguous, and seeking irrelevant information because it is not limited in time. Subject to the foregoing objections and without waiving it, Hy Cite admits that it did not use the Federal Communications Commission's Reassigned Numbers Database between January 1, 2022 and the present.

25. Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database between January 1, 2022 and the present.

**RESPONSE**: Hy Cite objects to this Request to the extent it is duplicative of Request No. 24. Subject to and without waiving the foregoing objection, admit.

26. Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database with respect to telephone number (360) ███-8832 at any time between January 1, 2022 and September 1, 2024.

**RESPONSE**: Hy Cite objects to this Request to the extent it is duplicative of Request Nos. 23-25. Subject to and without waiving the foregoing objection, admit.

8

Date: January 10, 2025

*/s/ Tanya M. Salman*
Tanya M. Salman, SBN 1089151
Julia A. Valgento, SBN 1126712
One South Pinckney Street, Suite 700
Madison, Wisconsin 53701-1806
Tel: (608) 283-0122
Fax: (608) 283-2275
E-Mail: tmsalman@michaelbest.com

Paul E. Benson, SBN 1001457
Michael Best & Friedrich LLP
790 N. Water Street, Suite 2500
Milwaukee, WI 53202
Tel: (414) 271-6560
Fax: (414) 277-0656
E-mail: pebenson@michaelbest.com

Chelsea T. Zielke, SBN 1101463
Michael Best & Friedrich LLP
444 W. Lake Street, Suite 3200
Chicago, IL 60607
Tel: (312) 596-5889
Fax: (312) 222-0818
E-Mail: ctzielke@michaelbest.com

*Attorneys for Defendant Hy Cite Enterprises, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025, the foregoing **Defendant's Responses to Plaintiff's Initial Written Requests for Admission** was served via email and U.S. Mail on the following:

**Michael L. Greenwald**
Attorney for Plaintiff
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
mgreenwald@gdrlawfirm.com

By: /s/ Tanya M. Salman