## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

ANGELA KEITH,
on behalf of herself and others similarly situated,

                Plaintiff,                 Case No.: 3:24-cv-729-jdp

HY CITE ENTERPRISES, LLC,

                Defendant.

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Angela Keith ("Plaintiff") and Hy Cite Enterprises, LLC ("Defendant") enter into this arm's-length class action settlement agreement ("Agreement").

**1. Recitals:**

1.1. On October 21, 2024, Plaintiff filed a class action complaint against Defendant, styled *Angela Keith v. Hy Cite Enterprises, LLC*, No. 3:24-cv-00729-jdp (W.D. Wis.), through which Plaintiff alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 ("Lawsuit").

1.2. Defendant vigorously denies any wrongdoing or liability related to the allegations included in the Lawsuit and denies any improper conduct or violation of the TCPA. Defendant desires to settle this Lawsuit on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing these proceedings.

1.3. On September 10, 2025, the parties attended mediation before Seamus Duffy, Esq.

1.4. As a result of the mediation and extensive, good faith and arm's length negotiations, Plaintiff and Defendant now intend to settle and finally resolve all claims Plaintiff asserts through the Lawsuit.

1.5. Aware of the substantial expense, delay, and inherent risk associated with litigation, Plaintiff and her counsel recognize that in light of the recovery that results from the settlement memorialized by this Agreement, continued litigation is not in the best interest of herself and the members of the settlement class that is the subject of this Agreement.

1.6.     Also aware of the substantial expense, delay, and inherent risk associated with litigation, Defendant believes it is in its best interest to enter into the settlement memorialized by this Agreement to finally resolve all claims asserted in the Lawsuit.

1.7.     Plaintiff and her counsel believe that the settlement memorialized by this Agreement is fair, adequate, and reasonable.

1.8.     Plaintiff and Defendant agree to undertake all steps necessary to secure court approval of the settlement memorialized by this Agreement.

1.9.     The settlement memorialized by this Agreement is not to be construed as an admission or concession by Plaintiff that there is any infirmity in the claims she asserts through the Lawsuit.

1.10     The settlement memorialized by this Agreement is not to be construed as an admission or concession by Defendant regarding liability or wrongdoing, and Defendant denies any liability, denies that it violated the TCPA, and denies any other wrongdoing.

## 2.   **Definitions:**

2.1.     "Approved Claim Form" means a claim form that a Settlement Class Member (defined below) timely submits, and that the Claims Administrator (defined below) approves for payment.

2.2.     "Claims Administrator," subject to the Court's (defined below) approval, means Kroll Settlement Administration LLC.

2.3.     "Claim Form" means the form that Settlement Class Members must submit to obtain a monetary recovery in connection with the Settlement (defined below).

2.4.     "Class Counsel" means Greenwald Davidson Radbil PLLC.

2.5.     "Class Notice" means the notice that the Court approves in a form substantially similar to Exhibit 1 to this Agreement, which includes a postcard notice with detachable claim form, and a question-and-answer notice to appear on the dedicated settlement website.

2.6.     "Court" means the United States District Court for the Western District of Wisconsin.

2.7.     "Final Fairness Hearing" means the hearing that the Court conducts under Federal Rule of Civil Procedure 23 to consider the fairness, adequacy, and reasonableness of the Settlement.

2.8.     "Finality Date" means the date after which the Court enters a final order and judgment and the time to appeal the final order and judgment expires without appeal, or any appeal is dismissed, or the final order and judgment is affirmed and not subject to further review by any court.

2.9. "Final Order and Judgment" means the final order and judgment that the Court enters in a form substantially similar to Exhibit 3 to this Agreement.

2.10. "Order Preliminarily Approving the Settlement" means the order, in a form substantially similar to Exhibit 2 to this Agreement, preliminarily approving the Settlement and authorizing the dissemination of Class Notice.

2.11. "Preliminary Approval Date" means the date the Court enters the Order Preliminarily Approving the Settlement.

2.12. "Released Parties" means, collectively, Defendant and Defendant's predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates and trustees.

2.13. "Released Claims" means all claims to be released as set forth in Section 14 of this Agreement.

2.14. "Releasors" means Plaintiff and every Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement Class.

2.15. "Settlement" means the settlement memorialized by this Agreement.

2.16. "Settlement Class" means the class that the Court certifies for settlement purposes, the definition of which the parties propose as:

All persons throughout the United States (1) to whom Hy Cite Enterprises, LLC placed a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a Hy Cite Enterprises, LLC customer or accountholder, (3) in connection with which Hy Cite Enterprises, LLC used an artificial or prerecorded voice, (4) from October 22, 2020 through September 10, 2025.

2.17. "Settlement Class Members" mean all members of the Settlement Class.

2.18. "Settlement Class Period" means October 22, 2020 through and including September 10, 2025.

**3. Jurisdiction:**

3.1. The parties agree that the Court has, and will continue to have, jurisdiction to issue any order necessary to effectuate, consummate, and enforce the terms of the Settlement, to approve attorneys' fees, costs, expenses, and an incentive award, and to supervise the administration and distribution of proceeds associated with the Settlement.

**4. Certification:**

4.1.    Plaintiff and Defendant agree to certification of the Settlement Class for settlement purposes only.

4.2.    Plaintiff and Defendant estimate that the users of approximately 22,313 telephone numbers may fall within the Settlement Class definition, and that the number of likely Settlement Class Members is fewer than 6,500.

4.3.    Defendant has delivered to Class Counsel a list of unique telephone numbers to which Defendant placed at least one call during the Settlement Class Period in connection with which it may have used an artificial or prerecorded voice, and which Defendant designated as a potential "wrong number."

4.4.    Defendant denies that a litigation class could be properly certified. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose and hereby agrees to certification of the Settlement Class defined in Paragraph 2.16, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3).

**5. Preliminary Approval:**

5.1.    Plaintiff will file a motion to preliminarily approve the Settlement. Prior to filing, Plaintiff will provide Defendant with a draft of the same for review and comment.

5.2.    Through her motion to preliminarily approve the Settlement, Plaintiff will request that the Court:

    A.    Preliminarily certify the Settlement Class for settlement purposes only, appoint Plaintiff as the representative for the Settlement Class, and appoint Class Counsel as counsel for the Settlement Class;

    B.    Preliminarily approve the Settlement as fair, reasonable, and adequate, and within the reasonable range of possible final approval;

    C.    Approve the Class Notice and find that the proposed notice plan constitutes the best notice practicable under the circumstances, and that it satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

    D.    Set the date and time for the Final Fairness Hearing; and

    E.    Set the deadline for Settlement Class Members to file Claim Forms and to submit exclusions and objections to the Settlement.

5.3.    Neither Plaintiff nor Defendant will take any action inconsistent with Plaintiff's motion to preliminarily approve the Settlement.

**6. Class Action Fairness Act Notice:**

6.1. The Claims Administrator will be responsible for directing notice under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Such notice will be served within ten (10) days after Plaintiff files her unopposed motion to preliminarily approve the Settlement.

6.2. The Claims Administrator will provide Class Counsel and counsel for Defendant with a copy of the CAFA notice no later than two (2) days after it is served.

**7. Notice to Members of the Settlement Class:**

7.1. The Claims Administrator will be responsible for all matters relating to the administration of the Settlement.

7.2. The Claims Administrator's responsibilities will include, but will not be limited to:

    A. Disseminating notice to potential Settlement Class Members;

    B. Identifying, from a listing of certain telephone numbers Plaintiff and Defendant provide to it for notice purposes, those that are assigned to a cellular telephone service;

    C. Sending direct mail notice by postcard, with the Claim Form, to potential Settlement Class Members, where possible;

    D. Establishing both a dedicated website through which Settlement Class Members can submit claims and a toll-free telephone number for informational purposes;

    E. Fielding inquiries about the Settlement;

    F. Processing settlement claims;

    G. Acting as a liaison between Settlement Class Members, Class Counsel, and counsel for Defendant;

    H. Approving settlement claims, and rejecting settlement claims where there is incomplete information and/or evidence of fraud;

    I. Directing the mailing of settlement payments to Settlement Class Members;

    J. Performing any other tasks reasonably required of it; and

    K. Directing notice under CAFA, as described in Section 6.

7.3.   The addresses of potential Settlement Class Members obtained by the Claims Administrator may be subject to confirmation or updating as follows:

    A.   The Claims Administrator may check each address obtained against the United States Post Office National Change of Address Database;

    B.   The Claims Administrator may conduct a reasonable search to locate an updated address for any potential Settlement Class Member whose notice is returned as undeliverable;

    C.   The Claims Administrator will update addresses based on any forwarding information received from the United States Post Office; and

    D.   The Claims Administrator will update addresses based on any requests received from Settlement Class Members.

7.4.   The Claims Administrator will provide weekly updates to Class Counsel and counsel for Defendant regarding the status of its administration.

7.5.   Not later than thirty (30) days following the Preliminary Approval Date, or as otherwise directed by the Court, the Claims Administrator will mail the Class Notice and a Claim Form to potential Settlement Class Members, where possible.

7.6.   The postcard the Claims Administrator uses to mail the Class Notice and Claim Form to potential Settlement Class Members must include a notation requesting address correction.

7.7.   If any Class Notice is returned with a new address, the Claims Administrator must resend the Class Notice and a Claim Form to the new address.

7.8.   Subject to Section 7.9 of this Agreement, Defendant is responsible for any amounts due to the Claims Administrator prior to the date on which the Settlement Fund (defined below) is established and funded.

7.9.   Defendant will be entitled to an offset from the Settlement Fund once it is established and funded for any payments Defendant makes to the Claims Administrator prior to the date on which the Settlement Fund is established and funded.

7.10.   The Claims Administrator shall make all returned and completed Claim Forms available to Defendant's Counsel and Class Counsel for review and shall provide an Excel spreadsheet to Defendant's Counsel and Class Counsel of all returned and completed Claim Forms containing the name and address of each claimant. If either party believes that a Claim Form is false or fraudulent, including that it was filed by an individual who was an accountholder of Defendant at the time that Defendant placed artificial or prerecorded voice calls to the individual, the parties shall be permitted, but not required, to notify the Claims Administrator and each other and to provide proof of

6

such status. If the Claims Administrator determines that any individual who returned a Claim Form was an accountholder of Defendant at the time that Defendant placed any and/or all artificial or prerecorded voice calls to the individual, the Claims Administrator shall reject that individual's Claim Form. The Claims Administrator shall be the final arbiter of whether a Claim Form was submitted by a member of the Settlement Class or not.

7.11.   The parties will not make statements of any kind to any third party regarding the Settlement prior to the filing of a motion for preliminary approval with the Court, with the exception of potential claims administrators. The parties may make public statements to the Court as necessary to obtain preliminary or final approval of the Settlement, and Class Counsel may communicate with any Settlement Class Member regarding the Lawsuit or the Settlement for the sole purposes of answering questions regarding the Settlement and the process for effectuating the same.

7.12.   An individual to whom the Claims Administrator does not provide a Claim Form as part of the process by which the Claims Administrator mails the Class Notice and a Claim Form to potential Settlement Class Members may request a Claim Form from the Claims Administrator if that person is able to provide evidence of receipt on his or her cellular telephone of an artificial or prerecorded voice call or message from Defendant during the Settlement Class Period. Upon receipt of such evidence, the Claims Administrator may send a Claim Form to the individual who requests it.

7.13.   If approved payments to Settlement Class Members exceed the applicable IRS reporting requirements, Settlement Class Members must provide a valid Form W-9 to receive their payment. The Settlement Administrator will request such tax forms from Settlement Class Members with approved claims, if necessary.

## 8.   Publication of Class Notice:

8.1.    Not later than thirty (30) days following the Preliminary Approval Date, or as otherwise directed by the Court, the Claims Administrator will arrange for publication of the Class Notice on the settlement website.

## 9.   Settlement Website:

9.1.    The Claims Administrator will build and maintain a dedicated website that includes downloadable information and documents necessary to submit claims. The settlement website will be live not later than thirty (30) days following the Preliminary Approval Date, or as otherwise directed by the Court.

9.2.    At a minimum, the downloadable information and documents on the settlement website must include, when available, this Agreement, the Class Notice, Plaintiff's petition for attorneys' fees, expenses, and costs, the Order Preliminarily Approving the Settlement, Plaintiff's class action complaint, Defendant's answer and defenses, and the Final Order and Judgment.

9.3.    The Settlement Website domain will be www.HyCiteTCPAsettlement.com.

**10. Final Approval:**

10.1.    At least ten (10) days prior to the Final Fairness Hearing, the Claims Administrator will provide a sworn declaration attesting to proper service of the Class Notice and Claim Forms, and stating the number of claims, objections, and exclusions, if any.

10.2.    At least thirty (30) days prior to the Final Fairness Hearing, Plaintiff will file a motion to finally approve the Settlement and will provide Defendant with a draft of the same for review and comment

10.3.    Neither Plaintiff nor Defendant will take any action inconsistent with Plaintiff's motion to finally approve the Settlement.

**11. Consideration:**

11.1.    Defendant will deposit with the Claims Administrator $4,750,000.00 (less any amounts paid to the Claims Administrator per Sections 7.8 and 7.9) for purposes of creating a non-reversionary common fund to compensate members of the Settlement Class, pay attorneys' fees to Class Counsel, Class Counsel's costs and litigation expenses, and the incentive award to the Plaintiff ("Settlement Fund").

11.2.    In consultation with the Claims Administrator, Defendant will fund the Settlement Fund by the later of (a) five (5) days after the Finality Date or (b) February 1, 2026.

11.3.    Paid from the Settlement Fund will be:

    A.    Compensation to Settlement Class Members who timely submit an Approved Claim Form;

    B.    The cost of notice to potential Settlement Class Members and claims administration, including costs associated with identifying potential Settlement Class Members, and any reasonable costs associated with administering the Settlement Fund, including costs of tax attorneys or accountants;

    C.    Litigation costs and expenses, for which Class Counsel will petition the Court;

    D.    Reasonable attorneys' fees, calculated as a percentage of the Settlement Fund, for which Class Counsel will petition the Court; and

    E.    An incentive award to Plaintiff, for which Plaintiff will petition the Court.

11.4.    Each Settlement Class Member who submits an Approved Claim Form either online no later than seventy-five (75) days after the Preliminary Approval Date, or by U.S.

Mail with a postmark of no later than seventy-five (75) days after the Preliminary Approval Date, which provides his or her name, address, and the cellular telephone number on which the Settlement Class Member received artificial or prerecorded voice calls from Defendant, will be entitled to a *pro rata* share of the non-reversionary Settlement Fund after deducting:

A. Costs and expenses of administrating the Settlement, including notice to potential Settlement Class Members;

B. Class Counsel's attorneys' fees, subject to the Court's approval;

C. Class Counsel's litigation costs and expenses not to exceed $15,000, subject to the Court's approval; and

D. Plaintiff's incentive award, not to exceed $15,000, subject to the Court's approval.

11.5. A Settlement Class Member may submit only one claim, regardless of how many times Defendant called the Settlement Class Member, or how many artificial or prerecorded voice messages Defendant delivered to the Settlement Class Member.

11.6. Each settlement payment issued to a Settlement Class Member will be valid for one-hundred-twenty (120) days after it is issued.

11.7. Any funds not ultimately paid out as the result of uncashed settlement checks will be paid out as a *cy pres* award to National Consumer Law Center, subject to the Court's approval.

11.8. Non-monetary consideration: In addition to the foregoing, as a result of this Lawsuit and Settlement, Defendant will implement policies and procedures to maintain compliance with the TCPA.

## 12. **Exclusions:**

12.1. Any Settlement Class Member who wishes to exclude himself or herself from the Settlement must mail a written request for exclusion personally signed by the Settlement Class Member to the Claims Administrator, postmarked no more than seventy-five (75) days after the Preliminary Approval Date.

12.2. Through his or her request for exclusion, and subject to the Court's approval, a member of the Settlement Class must include his or her:

A. Full name;

B. Address;

C. Cellular telephone number called by Defendant using an artificial or prerecorded voice;

D. A statement attesting to the fact that when he/she received a call using an artificial or prerecorded voice that he/she was not a Hy Cite customer; and

E. A statement that he or she wishes to be excluded from the Settlement.

No request for exclusion will be valid unless all of the information described above is included.

12.3. Any Settlement Class Member who submits a valid and timely request for exclusion will neither be bound by the terms of this Agreement, nor receive any of the benefits of the Settlement. Every Settlement Class Member who does not timely and properly submit a written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Lawsuit. The satisfaction of all the Released Claims against Defendant, as well as entry of the Final Order and Judgment, will be binding upon all Settlement Class Members who do not exclude themselves.

12.4. The Claims Administrator will provide a list of the names of each Settlement Class Member who submitted a valid and timely request for exclusion to Class Counsel and counsel for Defendant within ten (10) days after the deadline for exclusions.

12.5. Settlement Class Members may exclude themselves on an individual basis only.

12.6. "Mass" or "class" exclusions submitted by third parties on behalf of a "mass" or "class" of Settlement Class Members are not allowed and will not be considered valid.

## 13. Objections:

13.1. Any Settlement Class Member who wishes to object to the Settlement must mail a written notice of objection to the Claims Administrator, Class Counsel, counsel for Defendant, and to the Court, postmarked no more than seventy-five (75) days after the Preliminary Approval Date.

13.2. Through his or her notice of objection, and subject to the Court's approval, a Settlement Class Member must include:

A. His or her full name;

B. His or her address;

C. Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number to which Defendant placed a subject artificial or prerecorded voice call during the Settlement Class Period;

    D.  A statement of the specific objection(s);

    E.  A description of the facts underlying the objection, including any documents the objector desires the Court to consider;

    F.  A description of the legal authorities that support each objection;

    G.  A statement noting whether the objector intends to appear at the Final Fairness Hearing; and

    H.  A signature from the Settlement Class Member.

13.3.   Settlement Class Members who do not submit a valid and timely objection will be barred from seeking review of the Settlement by appeal, or otherwise.

13.4.   If a Settlement Class Member submits both an objection and an exclusion, he or she will be considered to have submitted an exclusion (and not an objection).

13.5.   Any Settlement Class Member who fails to comply with the provisions of Section 13 will waive and forfeit any and all rights the Settlement Class Member may have to appear separately and/or to object and will be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Lawsuit.

13.6.   Class Counsel and the parties will have the right, but not the obligation, to respond to any objection no later than seven (7) days prior to the Final Fairness Hearing. The party responding must file a copy of the response with the Court.

## 14. Release:

14.1.   As of the Effective Date, Plaintiff and Settlement Class Members provide the following releases:

Plaintiff and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns will be deemed to have fully released and forever discharged the Released Parties from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, with respect to any form of relief, including, without limitation, damages, restitution, disgorgement, penalties and injunctive or declaratory relief, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Order and Judgment, that arise out of or relate to the use by Defendant of an artificial or prerecorded voice (to the fullest extent that term is used, defined or interpreted by the TCPA, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case

law), from October 22, 2020 through and including September 10, 2025, to a cellular telephone number of a Settlement Class Member where the recipient of the call was not a customer or accountholder of Defendant, including, but not limited to, claims under or for violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and the regulations promulgated thereunder and relevant case law, and all claims for violation of any other state or federal statutory or common law that regulates, governs, prohibits or restricts the use of an artificial or prerecorded voice in connection with outbound calls (the "Released Claims").

14.2. Plaintiff and Releasors agree and covenant, and each Releasor will be deemed to have agreed and covenanted, not to sue the Released Parties with respect to any of the Released Claims, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

14.3. The Releasors acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasors expressly assume the risk, they freely and voluntarily give the release as set forth herein.

## 15. Exclusive Remedy:

15.1. The relief included in this Agreement is the exclusive remedy of recovery for the Released Claims.

## 16. Attorneys' Fees, Costs, Expenses, and Incentive Award:

16.1. Class Counsel will submit to the Court a request for attorneys' fees to be paid from the Settlement Fund.

16.2. Class Counsel will submit to the Court a request for reimbursement of reasonable litigation costs and expenses not to exceed $15,000 to be paid from the Settlement Fund.

16.3. Plaintiff will submit to the Court a request for an incentive award not to exceed $15,000 to be paid from the Settlement Fund.

16.4. The Court's order regarding Class Counsel's request for attorneys' fees, costs, and expenses, and Plaintiff's request for an incentive award, will not affect the finality of the Settlement.

16.5. In the event that the Court declines Class Counsel's request for attorneys' fees, costs, and expenses, or Plaintiff's request for an incentive award, or awards less than the amounts sought, the Settlement will nonetheless continue to be effective and enforceable by the parties.

**17. No Admission of Liability:**

17.1. This Agreement and all related communications are for settlement purposes only and will not be construed or deemed to be evidence of an admission or concession by the Released Parties with respect to any claim, fault, liability, wrongdoing, or damage whatsoever and will not be construed or deemed to be evidence of any admission of any claim, fault, liability, wrongdoing, or damage or that any person or entity is entitled to relief. Defendant expressly denies all charges of wrongdoing or liability against Defendant arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Lawsuit, and Defendant continues to believe the claims asserted against Defendant in the Lawsuit are without merit. Nothing in this Settlement Agreement will be construed as an admission by Defendant in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, including, without limitation, that Defendant has engaged in any conduct or practices that violate any federal statute or other law.

**18. Representations and Warranty:**

18.1. Class Counsel believes that the Settlement is in the best interests of the Settlement Class Members.

18.2. Plaintiff warrants that on the date this Agreement is executed, she owns the claims that she asserts in connection with this matter, and that she has not assigned, pledged, sold or otherwise transferred her claims (or an interest in such claims), and that on the Finality Date she will own her claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever.

18.3 To the extent permitted by law and the applicable rules of professional conduct, Class Counsel represent and warrant that they do not have any present intention to file any lawsuit, class action, or claim of any kind against Defendant in any jurisdiction, including other states or countries, relating to the matters at issue in the Lawsuit. The foregoing shall not restrict the ability of Class Counsel to fulfill their responsibilities to absent Class Members in connection with the settlement proceedings in the Lawsuit.

18.4. Each party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the releases contained herein, received legal advice with respect to the advisability of entering this Agreement and the releases, and the legal effects of this Agreement and the releases, and fully understands the effect of this Agreement and the releases. Each party to this Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

19. **Appeals:**

    19.1.  If a Settlement Class Member appeals the Final Order and Judgment, Plaintiff and Defendant agree to support the Settlement on appeal.

    19.2.  Nothing contained in this Agreement is intended to preclude Plaintiff, Defendant, or Class Counsel from appealing any order inconsistent with this Agreement.

20. **Distribution of the Settlement Fund:**

    20.1.  Within thirty (30) days of the Finality Date, or within such additional time as is necessary to ensure compliance with IRS regulations, the Claims Administrator will mail or otherwise distribute a settlement payment to each Settlement Class Member who submitted an Approved Claim Form.

    20.2.  Within ten (10) days of the Finality Date, the Claims Administrator will pay to Plaintiff from the Settlement Fund the incentive award approved by the Court.

    20.3.  Within ten (10) days of the Finality Date, the Claims Administrator will pay to Class Counsel from the Settlement Fund the attorneys' fees, costs, and expenses approved by the Court.

    20.4.  If any money remains in the non-reversionary Settlement Fund after the date that all initial settlement payments are voided due to non-deposit (*i.e.* checks that Settlement Class Members do not cash), and if the amount that remains is sufficient to issue second payments of at least $25.00 to each Settlement Class Member who cashed an initial settlement check after accounting for the associated expenses of such a distribution, the Claims Administrator will mail a second settlement payment, calculated on a *pro rata* basis considering the remaining amount of the non-reversionary Settlement Fund, to each Settlement Class Member who cashed an initial settlement check.

    20.5.  If any money remains in the Settlement Fund after the date that all settlement payments (*i.e.*, initial settlement checks, and if applicable, second settlement checks) are voided due to non-deposit (*i.e.*, checks that Settlement Class Members do not cash), this amount will be paid as a *cy pres* award to the National Consumer Law Center subject to the Court's approval.

21. **Taxes:**

    21.1.  Plaintiff and Defendant agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The Claims Administrator will timely make elections as necessary or advisable to carry out required duties including, if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. These elections will be made in compliance with the procedures and requirements contained in applicable Treasury Regulations

promulgated under the Code. It is the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

21.2.   For the purpose of Section 468B of the Code and the Treasury Regulations thereunder, the Claims Administrator will be designated as the "administrator" of the Settlement Fund. The Claims Administrator will cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the non-reversionary Settlement Fund (including, without limitation, tax returns described in Treas. Reg. § 1.468B-2(k)). These returns will reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the non-reversionary Settlement Fund are to be paid out of the Settlement Fund.

21.3.   All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendant with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, will be paid by the Claims Administrator from the Settlement Fund.

21.4.   Any person or entity that receives a distribution from the Settlement Fund will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. These taxes and tax-related expenses will not be paid from the Settlement Fund.

21.5.   In no event will Defendant have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Settlement Class Members, Class Counsel or any other person or entity. All such taxes and tax-related expenses will be paid out of the Settlement Fund.

21.6.   Defendant will timely deliver to the Claims Administrator a "Section 1.468B-3 Statement" (as provided in Treas. Reg Section 1.468B-3(e)) with respect to any transfers made to the Settlement Fund.

21.7.   The Claims Administrator will engage in reporting to the Internal Revenue Service and such other state and local taxing authorities as may be required by law. The parties acknowledge that the Claims Administrator will comply with all withholding obligations as required under the applicable provisions of the Internal Revenue Code and such other state and local laws as may be applicable, and the regulations promulgated thereunder. In addition, the Claims Administrator will be obligated to withhold from distribution to any Settlement Class Member any funds necessary to pay such amounts including the establishment of adequate reserves for any taxes and tax-related expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with the Claims Administrator, each other, and their attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

21.8.   Defendant makes no representation to Plaintiff, Settlement Class Members, Class Counsel or any other person or entity regarding the appropriate tax treatment of the Settlement Fund, income earned on the Settlement Fund, or any distribution taken from the Settlement Fund.

21.9.   The parties agree that payments made to the Settlement Fund are compensatory only and not payments made to satisfy any fines, penalties, punitive damages, or prejudgment interest nor are such payments "to, or at the direction of, a government or governmental entity in relation to the violation of any law or the investigation or inquiry by such government or entity into the potential violation of any law" within the meaning of Section 162(f) of the Code.

## 22. Stay:

22.1.   Plaintiff and Defendant stipulate that all proceedings in connection with this matter other than those taken to approve the Settlement and effectuate class notice and the submission of claims should be stayed until the Court issues its decision regarding final approval of the Settlement.

22.2.   The stipulated stay of proceedings will not prevent the filing of any motions, declarations, and other matters necessary to obtain and preserve preliminary and final approval of the Settlement.

## 23. Miscellaneous Provisions:

23.1.   This Agreement is the entire agreement between Plaintiff and Defendant. All antecedent and contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

23.2.   Neither Plaintiff nor Defendant may modify this Agreement, except by a writing that Plaintiff and Defendant execute and that the Court approves.

23.3.   All notices required by this Agreement, between Plaintiff, Defendant, Class Counsel, and counsel for Defendant, must be sent by first class U.S. mail, by hand delivery, or by electronic mail, to:

Michael L. Greenwald
Greenwald Davidson Radbil PLLC
5550 Glades Road
Suite 500
Boca Raton, Florida 33431
mgreenwald@gdrlawfirm.com

*Counsel for Plaintiff and the Settlement Class*

Tanya M. Salman
Michael Best & Friedrich LLP
One South Pinckney Street
Suite 700
Madison, WI 53701
tmsalman@michaelbest.com

*Counsel for Defendant*

23.4.   Section headings in this Agreement are for convenience and reference only and are not to be taken to be a part of the provisions of this Agreement, and do not control or affect meanings, constructions or the provisions of this Agreement.

23.5.   Plaintiff and Defendant will exercise their best efforts, take all steps, and expend all efforts that may become necessary to effectuate this Agreement.

23.6.   Plaintiff and Defendant drafted this Agreement equally, and it should not be construed strictly against Plaintiff or Defendant.

23.7.   This Agreement binds successors and assigns of the parties.

23.8.   Plaintiff, Defendant, Class Counsel, and counsel for Defendant, may sign this Agreement in counterparts, and by electronic signature, and the separate signature pages may be combined to create a binding document, which constitutes one instrument.

23.9.   A waiver by one party of any provision or breach of this Agreement by any other party will not constitute a waiver of any other provision or breach of this Agreement.

23.10.   This Agreement is made and entered into within and will be governed by, construed, interpreted, and enforced in accordance with the laws of the State of Wisconsin, without regard to the principles of conflicts of laws.

23.11.   This Court will retain continuing and exclusive jurisdiction over the parties to this Agreement, including the Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

23.12.   The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of the parties and as approved by the Court, without notice to Settlement Class Members. The parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

**24. Termination:**

24.1.   If any of the conditions set forth below occurs and either (a) Plaintiff or (b) Defendant gives notice that such party or parties wish to withdraw from this Agreement (subject to the terms below and herein), then this Agreement will terminate and be null and void, and the parties will be returned to the *status quo ante* as if no Settlement had been negotiated or entered into:

(a)   The Court rejects or declines to preliminarily or finally approve this Agreement, after all reasonable efforts are made to obtain preliminary or final approval;

(b)   Any objections to the proposed Settlement are sustained, which results in changes to the Settlement described in this Agreement that the withdrawing party deems in good faith to be material (*e.g.*, because it increases the cost of Settlement or deprives the withdrawing party of a benefit of the Settlement);

(c)   More than 500 of the Settlement Class Members exclude themselves from the Settlement described in this Agreement, as set out in Section 12.

24.2.   Prior to termination, Plaintiff and Defendant must negotiate in good faith to modify the terms of this Agreement in an effort to revive the Settlement.

24.3.   If either Plaintiff or Defendant terminates this Agreement as provided herein, the Agreement will be of no force and effect, and the parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated. However, any payments made to the Claims Administrator for services rendered prior to the date of termination will not be refunded to Defendant.

24.4.   In the event that the Agreement is not approved, or is terminated, canceled, or fails to become effective for any reason, the money remaining in the Settlement Fund, less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, will be returned to Defendant within sixty (60) days of the event that causes the Agreement to not become effective.

**25. Survival:**

25.1.   The Settlement will be unaffected by any subsequent change in law regarding the TCPA, its interpretation, and its application, whether from Congress, the Federal Communications Commission, the Consumer Financial Protection Bureau, any other agency, courts, or otherwise.

**26. Dismissal:**

26.1    The Final Order and Judgment submitted to the Court will include a provision dismissing this Lawsuit with prejudice.

**27. Signatures:**

[ON FOLLOWING PAGE]

Angela Keith

Date

Angela Keith (Oct 30, 2025 12:26:26 PDT)

Oct 30, 2025

Michael L. Greenwald
Counsel for Angela Keith and the Settlement Class

Date

Michael Greenwald (Oct 30, 2025 15:28:14 EDT)

Oct 30, 2025

Hy Cite Enterprises, LLC

Date

Jessica J. Marquez, Chief Legal Officer

11/10/2025

Tanya M. Salman
Counsel for Hy Cite Enterprises, LLC

Date

11/10/2025

# EXHIBIT 1

**What is this lawsuit about?** Angela Keith filed a class action lawsuit against Hy Cite Enterprises, LLC dba Royal Prestige ("Hy Cite"), alleging that Hy Cite violated the Telephone Consumer Protection Act ("TCPA") by placing calls with an artificial or prerecorded voice to cellular telephone numbers assigned to persons who do not have accounts with it. Hy Cite denies Ms. Keith's allegations and denies it violated the TCPA. The Court has not decided who is right or wrong. The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because Hy Cite's records indicated that you may be a member of the following settlement class: "All persons throughout the United States (1) to whom Hy Cite Enterprises, LLC placed a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a Hy Cite Enterprises, LLC customer or accountholder, (3) in connection with which Hy Cite Enterprises, LLC used an artificial or prerecorded voice, (4) from October 22, 2020 through September 10, 2025." If you are a Hy Cite customer, you are not a member of the class and this notice does not affect you.

**What does the settlement provide?** Hy Cite will establish a settlement fund of $4.75 million. Out of the settlement fund will be paid: (1) settlement compensation to participating settlement class members; (2) an award of attorneys' fees not to exceed 36%of the settlement fund, less costs, subject to the Court's approval; (3) litigation costs and expenses incurred by class counsel in litigating this matter not to exceed $15,000, subject to the Court's approval; (4) costs of notice and administration; and (5) a service award to Ms. Keith not to exceed $15,000, subject to the Court's approval. It is estimated that each valid claimant will receive between $600 and $1,000, depending on the number of settlement class members who participate.

**What are your legal rights and options?** If you fall within the settlement class, you have four options. First, you may timely complete and return the claim form found on the backside of this postcard, or timely submit a claim online at www.HyCiteTCPAsettlement.com, by [date], 2025/6, in which case you will receive a proportionate share of the settlement fund after deducting the fees, costs, expenses, and award listed above, and award listed above. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but you will release certain claims you may have against Hy Cite. Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any claims you may have against Hy Cite. Or fourth, you may object to the settlement. To obtain additional information about your legal rights and options, visit www.HyCiteTCPAsettlement.com, or contact the settlement administrator by writing to Keith v. Hy Cite Enterprises, LLC Settlement Administrator, [address].

**When is the final fairness hearing?** The Court will hold a final fairness hearing on [month] [day], 2026, at [time] CT. The hearing will take place via Zoom. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will also hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Front Inside**

---

**Front Outside**

This is a notice of a settlement of a class action lawsuit.
This is **not** a notice of a lawsuit against you.

If you received an artificial or prerecorded voice call to your cellular telephone from Hy Cite Enterprises, LLC dba Royal Prestige between October 22, 2020 and September 10, 2025, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:

*Keith v. Hy Cite Enterprises, LLC*, No. 3:24-cv-00729-jdp (W.D. Wis.)

A federal court authorized this notice. This is not a solicitation from a lawyer.

Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.

**Keith v. Hy Cite Enterprises, LLC**
c/o Kroll Settlement Administration
[Address]

Permit
Info here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

Carefully separate at perforation

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

**Angela Keith v. Hy Cite Enterprises, LLC,**
**Case No. 3:24-cv-00729-jdp (W.D. Wis.)**

<u>**CLAIM FORM**</u>

[admin] ID: «[Admin] ID»                              Name/Address Changes:
«First Name» «Last Name»
«Address1»
«City», «State» «Zip»

I affirm that I received one or more artificial or prerecorded voice calls from Hy Cite Enterprises, LLC dba Royal Prestige to my cellular telephone between October 22, 2020 and September 10, 2025. When I received those calls, I did not have an account with Hy Cite Enterprises, LLC, and I wish to participate in this settlement.

**IF YOU MOVE, send your CHANGE OF ADDRESS to the**
**Settlement Administrator at the address on the backside of this form.**

Signature: _____

Telephone number on which I received the call(s):

_____

Date of signature: _____

**To receive a payment, you must enter all requested information above, sign**
**and mail this claim form, postmarked on or before [Month] [day], 2025/6.**
Or you may submit a claim through the settlement website, www.HyCiteTCPASettlement.com.

**To exclude yourself from the class action settlement you must mail a written request for**
**exclusion to the Claims Administrator, postmarked on or before [Month] [day], 2025/6.**
**Your request must include the information required by the Court's [month] [day], 2025 Order**
**which can be viewed at the settlement website.**

**Bottom Inside**

**Bottom Outside**

Please Affix
Postage Here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**Keith v. Hy Cite Enterprises, LLC Administrator**
**c/o Kroll Settlement Administration**
**[address]**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

---

ANGELA KEITH,
on behalf of herself and others similarly situated,

                         Plaintiff,                    Case No.: 3:24-cv-729-jdp

HY CITE ENTERPRISES, LLC,

                         Defendant.

---

## WEBSITE Q & A NOTICE

**This is a notice of a settlement of a class action lawsuit.**
**This is <u>not</u> a notice of a lawsuit against you.**

**If you received an artificial or prerecorded voice call on your cellular telephone from Hy Cite Enterprises, LLC ("Hy Cite") dba Royal Prestige, between October 22, 2020 and [September 10, 2025, and you did not have an account with Hy Cite, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:**

*Angela Keith v. Hy Cite Enterprises, LLC*, No. 3:24-cv-00729-jdp (W.D. Wis.)

**A federal court authorized this notice.**
**This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.**
**It explains your rights and options to participate in a class action settlement.**

### What are your legal rights and options?

| | |
|---|---|
| **SUBMIT A TIMELY CLAIM FORM:** | If you are a class member and you submit a timely, valid claim form you will receive a proportionate share of the $4.75 million settlement fund after various expenses are deducted, and you will release claims you may have against Hy Cite related to this case. It is estimated that each claimant will receive between $600 and $1,000, depending on the number of participating class members. |
| **DO NOTHING:** | If you are a class member and you do nothing, you will <u>not</u> receive a share of the settlement fund, but you will release claims you may have against Hy Cite related to this case. |
| **EXCLUDE YOURSELF:** | If you are a class member and you exclude yourself from the settlement, you will <u>not</u> receive a share of the settlement fund, and you will <u>not</u> release any claims you have against Hy Cite. |
| **OBJECT:** | If you are a class member, you may object to the settlement. |

### Why is this notice available?

This is a notice of a proposed settlement in a class action lawsuit. The settlement would resolve the lawsuit Angela Keith filed against Hy Cite. Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

### What is this lawsuit about?

Ms. Keith filed a proposed class action lawsuit against Hy Cite, alleging that it violated the Telephone Consumer Protection Act ("TCPA") by using an artificial or prerecorded voice in connection with calls it placed to cellular telephone numbers of persons who are not its customers or accountholders. The TCPA provides for $500, and up to $1,500, in damages for violations. However, among other defenses, prior express consent is a complete defense to a TCPA claim.

Hy Cite denies the allegations and denies that it violated the TCPA. The Court did not decide who is right or wrong. The parties have agreed to a settlement.

### Why is this a class action?

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members."

2

The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

## Why is there a settlement?

Ms. Keith, on the one hand, and Hy Cite, on the other, have agreed to settle the lawsuit to avoid the time, risk, and expense associated with continued litigation, and to achieve a final resolution of hotly disputed claims. Under the settlement, class members will obtain a payment to resolve the claims that Ms. Keith raised in the lawsuit. Ms. Keith and her attorneys think the settlement is in the best interest of all class members.

## How do you know if your claims are included in the settlement?

This settlement resolves claims on behalf of the following class:

All persons throughout the United States (1) to whom Hy Cite Enterprises, LLC placed a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a Hy Cite Enterprises, LLC customer or accountholder, (3) in connection with which Hy Cite Enterprises, LLC used an artificial or prerecorded voice, (4) from October 22, 2020 through September 10, 2025.

Hy Cite has identified more than 22,000 unique telephone numbers with a "wrong number" designation in its records and to which it may have placed a call and used an artificial or prerecorded voice message during the class period.

## What does the settlement provide?

Hy Cite will establish a settlement fund in the amount of $4.75 million. Out of the settlement fund, Hy Cite will pay:

a.    Settlement compensation to the class members;

b.    The costs and expenses of administrating the class action settlement;

c.    An award of attorneys' fees, subject to the Court's approval;

d.    Costs and expenses incurred litigating this matter, subject to the Court's approval; and

e.    A service award to Ms. Keith, subject to the Court's approval.

Each class member who submits a timely and valid claim form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the settlement fund as it exists after deducting:

a.    Costs and expenses of administrating the class action settlement, estimated to be $116,000;

b.      Attorneys' fees in an amount not to exceed 36% of the net settlement fund after deducting costs and expenses, subject to the Court's approval;

c.      Costs and litigation expenses not to exceed $15,000, subject to the Court's approval; and

d.      A service award for Ms. Keith, not to exceed $15,000, subject to the Court's approval.

### How can you get a payment?

You must mail a valid claim form to the *Keith v. Hy Cite* Settlement Administrator, c/o Kroll Settlement Administration, [address], postmarked by **[date], 2025/6**. Or you must submit a valid claim through www.HyCiteTCPAsettlement.com by the same date.

If you did not receive a claim form in the mail but you believe you are a settlement class member, you must provide to the claims administrator evidence of having received from Hy Cite one or more calls with an artificial or prerecorded voice during the settlement class period, and attest to the fact that you are not or were not a customer of Hy Cite when you received these calls. Upon the provision of such evidence, the claims administrator can then send a claim form for you to complete. More information can be found in the settlement agreement, which is available on the settlement website, www.HyCiteTCPAsettlement.com.

### When will you be paid?

If the Court grants final approval of the settlement, settlement payments will be sent to class members who timely submitted valid claim forms no later than 30 days after the judgment in the lawsuit becomes final, unless additional time is necessary to comply with IRS regulations. If there is an appeal of the settlement, payment may be delayed by the appeal.

### What rights are you giving up in this settlement?

Unless you exclude yourself from the settlement, and if you meet the class definition, you will be considered a member of the class, which means you give up your right to sue or continue a lawsuit against Hy Cite over the released claims. Giving up your legal claims is called a release. Unless you formally exclude yourself from the settlement, you will release your claims against Hy Cite.

For more information on the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement on the settlement website, www.HyCiteTCPAsettlement.com, or through Public Access to Court Electronic Records (PACER).

### How can you exclude yourself from the settlement?

You may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment. If you wish to exclude yourself from the settlement, you must mail a written request for

exclusion to the claims administrator, at the addresses set forth below, postmarked by [**date**], **2025/6**. You must include in your request for exclusion:

      a.      Your full name;

      b.      Your address;

      c.      Your cellular telephone number, which was called by Hy Cite using an artificial or prerecorded voice;

      d.      A statement attesting to the fact that when you received a call from Hy Cite that you were not a Hy Cite customer; and

      e.      A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Keith v. Hy Cite* action."

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of the power of attorney authorizing that signature.

### When and where will the Court decide whether to approve the settlement?

The Court will hold a final fairness hearing on [**date**], at [**time**]. The hearing will take place virtually. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

### Do you have to attend the hearing?

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense. However, you cannot speak at the hearing if you have excluded yourself from the class settlement. Once you have excluded yourself, the class settlement does not affect your legal rights.

### What if you want to object to the settlement?

If you do not exclude yourself from the settlement, you can object to the settlement if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection, postmarked by [**date**], **2025/6**, to Class Counsel, Hy Cite's attorneys, and to the Court, at the following addresses:

| Class Counsel: | Defendant's Counsel: | Court: |
|---|---|---|
| Michael L. Greenwald | Tanya M. Salman | U.S. District Court for the |
| Greenwald Davidson Radbil PLLC | Michael Best & Friedrich LLP | Western District of Wisconsin |
| 5550 Glades Rd., Suite 500 | One South Pinckney Street Suite 700 | 120 N. Henry Street Room 320 |
| Boca Raton, FL 33431 | Madison, WI 53701 | Madison, WI 53703 |

You must include in your objection:

      a.      Your full name;

      b.      Your address;

      c.      Any documents establishing, or provide information sufficient to allow the Parties to confirm, that you are a Settlement Class Member, including providing the cellular telephone number to which Hy Cite placed an artificial or prerecorded voice call during the Settlement Class Period;

      d.      A statement of the specific objection(s);

      e.      A description of the facts underlying the objection, including any documents that you would like the Court to consider;

      f.      A description of the legal authorities that support each objection; and

      g.      A statement noting whether you intend to appear at the final fairness hearing and wish to be heard.

### By when must you enter an appearance?

Any class member who objects to the settlement and wishes to enter an appearance must do so by **[date], 2025/6**. To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon Class Counsel and Hy Cite's attorneys, at the addresses set forth above.

### What if you do nothing?

If you do nothing and the Court approves the settlement agreement, you will not receive a share of the settlement fund, but you will release any claim you have against Hy Cite related to the allegations in this case. Unless you exclude yourself from the settlement, you will not be able to sue or continue a separate lawsuit against Hy Cite over the released claims.

### What will happen if the Court does not approve the settlement?

If the Court does not finally approve the settlement or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits, and the lawsuit will continue.

### Who are Ms. Keith's attorneys?

Ms. Keith's attorneys are:

> Michael L. Greenwald
> Greenwald Davidson Radbil PLLC
> 5550 Glades Road, Suite 500
> Boca Raton, FL 33431

The Court has appointed Ms. Keith's attorneys to act as Class Counsel. You do not have to pay Class Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

### Who are Hy Cite's attorneys?

Hy Cite's attorneys are:

> Tanya M. Salman
> Michael Best & Friedrich LLP
> One South Pinckney Street Suite 700
> Madison, WI 53701

> Paul E. Benson
> Michael Best & Friedrich LLP
> 790 N. Water Street, Suite 2500
> Milwaukee, WI 53202

> Chelsea T. Zielke
> Michael Best & Friedrich LLP
> 444 W. Lake Street, Suite 3200
> Chicago, IL 60607

### Before what Court is this matter pending?

Ms. Keith filed her class action lawsuit in the following Court:

> United States District Court for the Western District of Wisconsin
> 120 North Henry Street
> Madison, WI 53703

### Where can you get additional information?

This notice is only a summary of the settlement. All documents filed with the Court, including the full class action settlement agreement, may be reviewed or copied at the United States District Court for the Western District of Wisconsin. In addition, pertinent case materials, including the settlement agreement and other documents, are available at the settlement website, **www.HyCiteTCPAsettlement.com**.

If you would like additional information about this matter, please contact:

**Keith v. Hy Cite Settlement Administrator**
**c/o Kroll Settlement Administration**
**[Address]**

Please do not call the Judge or the Clerk of Court about this case. Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, neither Hy Cite nor Hy Cite's attorneys represent you, and they cannot give you legal advice.

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

ANGELA KEITH,
on behalf of herself and others similarly situated,

                 Plaintiff,                Case No.: 3:24-cv-729-jdp

HY CITE ENTERPRISES, LLC,

                 Defendant.

---

**ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES AND**
**PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

---

Angela Keith ("Plaintiff") and Hy Cite Enterprises, LLC ("Defendant"), through their respective counsel, have agreed, subject to this Court's approval and following notice to the settlement class members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the parties' class action settlement agreement ("Agreement"), which Plaintiff filed with this Court:

Based on the Agreement and all of the files, records, and proceedings in this matter, and upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and a hearing should and will be held on **[date]**, after notice to the settlement class members, to confirm that the settlement is fair, reasonable, and adequate, and to determine whether a final order and judgment should be entered to resolve this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453,

and 1711-1715, Defendant, through a settlement administrator, has caused to be served written notice of the class settlement on the United States Attorney General and the Attorneys General of each state in which any settlement class member may reside.

This Court preliminarily certifies this case as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following settlement class:

> All persons throughout the United States (1) to whom Hy Cite Enterprises, LLC placed a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a Hy Cite Enterprises, LLC customer or accountholder, (3) in connection with which Hy Cite Enterprises, LLC used an artificial or prerecorded voice, (4) from October 22, 2020 through September 10, 2025.

This Court appoints Plaintiff as the representative for the settlement class and appoints Michael Greenwald of Greenwald Davidson Radbil PLLC ("GDR") as class counsel for the settlement class. *See, e.g.*, *Jewell v. HSN, Inc.*, No. 19-cv-247-jdp, 2020 WL 4904427, at *2 (W.D. Wis. Aug. 19, 2020) (Peterson, J.) (appointing GDR as co-Class Counsel in TCPA class action).

This Court preliminarily finds, for settlement purposes, that this action satisfies the applicable prerequisites for class action treatment under Rule 23. Namely:

The settlement class is so numerous that joinder of all members is impracticable. The parties represent that there are thousands of persons who potentially meet the class definition. *See Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 224 (N.D. Ill. 2016) ("Although no magic number exists for satisfying the numerosity requirement, the Seventh Circuit has held that "[e]ven if the class were limited to 40 [members] ... that is a sufficiently large group to satisfy Rule 23(a) where the individual members of the class are widely scattered and their holdings are generally too small to warrant undertaking individual actions.") (quoting *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969)).

Common questions exist as to each settlement class member. Here, each settlement class member is alleged to have suffered the same alleged injury: receipt of at least one artificial or

prerecorded voice call from Defendant to his or her cell phone. *Gehrich*, 316 F.R.D. at 224 ("The proposed class also satisfies commonality and typicality. Each class member suffered roughly the same alleged injury: receipt of at least one phone call or text message from Chase to her cell phone."); *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 251 (N.D. Ill. 2014) ("Here there is a common injury, resulting from receipt of the allegedly offending calls . . . . The Court likewise determines that there are questions of law or fact common to each class member.").

Plaintiff's claims are typical of the claims of the settlement class members. *See Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238, 242-43 (D. Ariz. 2019) ("The Court finds that the typicality requirement is met. Here, Plaintiff is a not a customer of Defendant and alleges that Defendant did not have consent to call her before it dialed her phone number. . . . She alleges that the putative class members were also wrongly contacted by Defendant. . . . Thus, the nature of Plaintiff's claim is reasonably coextensive with the putative class members."); *Johnson v. Navient Sols., Inc.*, 315 F.R.D. 501, 503 (S.D. Ind. 2016) ("Mr. Johnson claims that he received calls after Navient was told that the party with whom they wished to communicate was no longer available at the number called. This is typical of the described class members.").

Plaintiff and class counsel will fairly and adequately protect the interests of all of settlement class members. *Johnson*, 315 F.R.D. at 503 ("Navient presents no substantive objections to the appointment of Greenwald Davidson Radbil PLLC as class counsel and the Court concludes from the evidence in the record that the firm is experienced in consumer class action practice and will adequately represent the interests of the class.").

Rule 23(b)(3) requires "that questions of law or fact common to class members predominate over any questions affecting only individual members[.]" Fed. R. Civ. P. 23(b)(3). Where common questions "predominate," a class action can achieve economies of time, effort,

and expense as compared to separate lawsuits, permit adjudication of disputes that cannot be economically litigated individually, and avoid inconsistent outcomes, because the same issue can be adjudicated the same way for the entire class. Fed. R. Civ. P. 23(b)(3), advisory committee's note (1966).

Here, "the common question among class members is whether they received calls fitting the description in the class definition[]." *Birchmeier*, 302 F.R.D. at 253; *see also Gehrich*, 316 F.R.D. at 226 ("common questions [including whether the defendant placed prerecorded calls to cellular telephone numbers] are the main questions in this case, they can be resolved on a class-wide basis without any individual variation, and they predominate over any individual issues"). As a result, questions common to settlement class members predominate over any questions affecting only individual members.

A class action is superior to other available methods for the fair and efficient adjudication of this matter. In general, litigating TCPA claims as part of a class action is superior to litigating them in successive individual lawsuits. *See Reliable Money Ord., Inc. v. McKnight Sales Co.*, 281 F.R.D. 327, 339 (E.D. Wis. 2012), *aff'd*, 704 F.3d 489 (7th Cir. 2013) ("[M]any courts have found class actions to be an appropriate method of adjudication of TCPA violations."); *Green v. Serv. Master On Location Servs. Corp.*, No. 07-4705, 2009 WL 1810769, at *3 (N.D. Ill. June 22, 2009) ("[R]esolution of the issues [under the TCPA] on a classwide basis, rather than in thousands of individual lawsuits (which in fact may never be brought because of their relatively small individual value), would be an efficient use of both judicial and party resources.")

As well, here, the claims of all members of the settlement class are identical, they arise from the same standardized conduct, and they result in uniform damages calculations. *See James v. JPMorgan Chase Bank, N.A.*, No. 15–2424, 2016 WL 6908118, at *1 (M.D. Fla. Nov. 22, 2016)

("This class action, which resolves the controversy more fairly and efficiently than a series of individual actions, satisfies Rule 23(b)(3)'s superiority requirement. Because the TCPA permits a maximum award of $500 absent a willful violation, each class member lacks a strong financial interest in controlling the prosecution of his action.").

This Court also preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors: (1) the strength of the plaintiff's case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

This Court also considered the following factors in preliminarily finding that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

(A)     whether Plaintiff and class counsel have adequately represented the class;

(B)     whether the proposal was negotiated at arm's length;

(C)     whether the relief provided for the class is adequate, taking into account:

    (i)     the costs, risks, and delay of trial and appeal;

    (ii)     the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii)     the terms of any proposed award of attorney's fees, including timing of payment; and

(iv)    any agreement required to be identified under Rule 23(e)(3); and

(D)    whether the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

A third-party settlement administrator—Kroll Settlement Administration LLC ("Kroll")—will administer the settlement and distribute notice of the settlement to the settlement class members. Kroll will be responsible for mailing the approved class action notices and settlement payments to participating settlement class members. All reasonable costs of notice and administration will be paid from the $4,750,000.00 common fund.

This Court approves the form and substance of the proposed notice of the class action settlement, which includes the postcard notice, the detachable claim form, and the question-and-answer notice to appear on the dedicated settlement website.

The proposed notice and method for notifying the settlement class members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See* Fed. R. Civ. P. 23(c)(2)(B); *see also, e.g.*, *Cornelius v. Deere Credit Servs., Inc.*, 4:24-cv-25-RSB-CLR, 2025 WL 502089, at *2 (S.D. Ga. Feb. 13, 2025) ("Notice was sent to persons identified as a result of reverse look ups performed on potentially affected cellular telephone numbers. This method of identifying class members is reliable and constitutes industry standard best practice in wrong number class actions under the TCPA.").

This Court additionally finds that the proposed notice is clearly designed to advise the settlement class members of their rights.

In accordance with the Agreement, the settlement administrator will mail the notice to the

settlement class members as expeditiously as possible, but in no event later than thirty (30) days after this Court's entry of this order.

Any settlement class member who desires to be excluded from the settlement must send a written request for exclusion to the settlement administrator with a postmark date no later than seventy-five (75) days after this Court's entry of this order. To be effective, the written request for exclusion must state the settlement class member's full name, address, cellular telephone number called by Defendant using an artificial or prerecorded voice, a statement attesting to the fact that when the class member received a call from Hy Cite that the member was not a Hy Cite customer or accountholder, and a clear and unambiguous statement demonstrating a wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Keith v. Hy Cite* action." A settlement class member who requests to be excluded from the settlement must sign the request personally, or, if any person signs on the settlement class member's behalf, that person must attach a copy of the power of attorney authorizing that signature. A settlement class member may exclude himself or himself on an individual basis only. "Mass" or "class" exclusions, whether submitted by third parties on behalf of a "mass" or "class" of settlement class members or multiple settlement class members, are not allowed, and will not be permitted by the Court.

Any settlement class member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any settlement class member who fails to submit a valid and timely request for exclusion will be considered a settlement class member and will be bound by the terms of the Agreement.

Any settlement class member who intends to object to the fairness of the proposed settlement must file a written objection with this Court within seventy-five (75) days after this Court's entry of this order. Further, any such settlement class member must, within the same time

period, provide a copy of the written objection to:

> Michael L. Greenwald
> Greenwald Davidson Radbil PLLC
> 5550 Glades Road, Suite 500
> Boca Raton, FL 33431

> Tanya M. Salman
> Michael Best & Friedrich LLP
> One South Pinckney Street, Suite 700
> Madison, WI 53701

> United States District Court for the Western District of Wisconsin
> 120 N. Henry Street, Room 320
> Madison, WI 53703

To be effective, a notice of intent to object to the settlement must include the settlement

class member's:

      a.      Full name;

      b.      Address;

      c.      Provision of documents establishing, or provision of information sufficient to allow the Parties to confirm, that the individual is a Settlement Class Member, including providing the cellular telephone number to which Hy Cite placed an artificial or prerecorded voice call during the Settlement Class Period;

      d.      Statement of the specific objection(s);

      e.      Description of the facts underlying the objection, including any documents the individual would like the Court to consider;

      f.      Description of the legal authorities that support each objection;

      g.      Statement noting whether he or she intends to appear at the final fairness hearing and wish to be heard; and

      h.      Signature.

Any settlement class member who has timely filed an objection may appear at the final

fairness hearing, in person or by counsel, to be heard to the extent allowed by this Court, applying

applicable law, in opposition to the fairness, reasonableness, and adequacy of the proposed settlement, and on the application for an award of attorneys' fees, costs, and litigation expenses.

Any objection that includes a request for exclusion will be treated as an exclusion and not an objection. And any settlement class member who submits both an exclusion and an objection will be treated as having excluded himself or herself from the settlement and will have no standing to object.

If this Court grants final approval of the settlement, the settlement administrator will mail a settlement payment to each settlement class member who submits a valid, timely claim.

This Court will conduct a final fairness hearing on **[date]**, at the United States District Court for the Western District of Wisconsin, 120 N. Henry Street, Madison, Wisconsin 53703, to determine the following issues:

A.  Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

B.  Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court;

C.  Whether a final order and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the released claims against the released parties;

D.  Whether to grant class counsel's requests for an award of attorneys' fees, costs, and expenses, and an incentive award to Plaintiff; and

E.  Any other concerns this Court deems appropriate.

Attendance by settlement class members at the final fairness hearing is not necessary.

Settlement class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement class members wishing to be heard are, however, required to appear at the final fairness hearing. The final fairness hearing may be postponed, adjourned, transferred, or continued without further notice to the class members.

Memoranda in support of the proposed settlement must be filed with this Court no later than thirty (30) days before the final fairness hearing *i.e.*, no later than **[date]**. Opposition briefs to any of the foregoing must be filed no later than fourteen (14) days before the final fairness hearing, *i.e.*, no later than **[date]**. Reply memoranda in support of the foregoing must be filed with this Court no later than seven (7) days before the final fairness hearing, *i.e.*, no later than **[date]**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and litigation expenses by class counsel, or in support of an incentive award, must be filed with this Court no later than thirty-five (35) days before the deadline for settlement class members to object to, or exclude themselves from, the settlement (forty (40) days after this Court's entry of this Order), *i.e.*, no later than **[date]**. Opposition briefs to any of the foregoing must be filed no later than seventy-five (75) days after entry of this Order, *i.e.*, no later than **[date]**. Reply memoranda in support of the foregoing must be filed with this Court no later than fourteen (14) days after the deadline for settlement class members to object to, or exclude themselves from, the settlement, *i.e.*, no later than **[date]**.

The Agreement and this order will be null and void if any of the parties terminates the Agreement per its terms.

If the Agreement or this order are voided, then the Agreement will be of no force and effect, and the parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

This Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

This Court sets the following schedule:

**[Date]**:            Order Preliminarily Approving the Settlement Entered

**[Date]**:            Notice Sent (thirty (30) days after entry of Order Preliminarily Approving the Settlement)

**[Date]**:            Attorneys' Fees Petition Filed (forty (40) days after entry of Order Preliminarily Approving the Settlement)

**[Date]**:            Opposition to Attorneys' Fees Petition (seventy-five (75) days after entry of Order Preliminarily Approving the Settlement)

**[Date]**:            Deadline to Submit Claims, Send Exclusion, or File Objection (seventy-five (75) days after entry of Order Preliminarily Approving the Settlement)

**[Date]**:            Reply in Support of Attorneys' Fees Petition (fourteen (14) days after the deadline for settlement class members to submit claims, object to, or exclude themselves from, the settlement)

**[Date]**:            Motion for Final Approval Filed (thirty (30) days before final fairness hearing)

**[Date]**:            Opposition to Motion for Final Approval Filed (fourteen (14) days before final fairness hearing)

**[Date]**:            Class Administrator will provide a sworn declaration attesting to proper service of the Class Notice and Claim Forms, and state the number of claims, objections, and opt outs, if any (seven days (7) prior to final fairness hearing)

**[Date]**:            Reply in support of Motion for Final Approval (seven (7) days before final fairness hearing)

**[Date]**:            Responses to any objection to the settlement (seven (7) days before final fairness hearing)

**[Date]**:            Final Fairness Hearing

IT IS SO ORDERED.

Entered: _____

BY THE COURT:

_____

JAMES D. PETERSON
District Judge

# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

ANGELA KEITH,
on behalf of herself and others similarly situated,

               Plaintiff,                    Case No.: 3:24-cv-729-jdp

HY CITE ENTERPRISES, LLC,

               Defendant.

## FINAL ORDER AND JUDGMENT

Angela Keith ("Plaintiff") filed a class action complaint against Hy Cite Enterprises, LLC ("Defendant") in the United States District Court for the Western District of Wisconsin, No. 3:24-cv-00729 (the "Lawsuit"), asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

On or around November 10, 2025, after extensive arm's-length negotiations, Plaintiff and Defendant (the "Parties") entered into a written class action settlement agreement (the "Agreement"), ECF No. **[#]**, which is subject to review under Fed. R. Civ. P. 23.

On November 10, 2025, the Parties filed the Agreement, along with Plaintiff's unopposed motion for preliminary approval of class action settlement (the "Preliminary Approval Motion"). ECF No. **[#]**.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant caused to be served written notice of the proposed class settlement as directed.

On **[date]**, upon consideration of Plaintiff's Preliminary Approval Motion and the record, this Court entered an order preliminarily approving the class action settlement ("Order

Preliminarily Approving the Settlement"). Pursuant to the Order Preliminarily Approving the Settlement, this Court, among other things, (i) preliminarily approved the proposed settlement and (ii) set the date and time of the final fairness hearing. ECF No. **[#]**.

On **[date]**, Plaintiff filed her motion for attorneys' fees, costs, and expenses, and an incentive award. ECF No. **[#]**.

On **[date]**, Plaintiff filed her motion for final approval of class action settlement (the "Final Approval Motion"). ECF No. **[#]**.

On **[date]**, a final fairness hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

This Court has read and considered the Agreement, Final Approval Motion, and the record of these proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling Parties.

Pursuant to Fed. R. Civ. P. 23(b)(3), and for the reasons this Court included in the Order Preliminarily Approving the Settlement, the Lawsuit is finally certified, for settlement purposes, as a class action on behalf of the following settlement class members with respect to the claims asserted in the Lawsuit:

> All persons throughout the United States (1) to whom Hy Cite Enterprises, LLC placed a call, (2) directed to a telephone number assigned to a cellular telephone

service, but not assigned to a Hy Cite Enterprises, LLC customer or accountholder, (3) in connection with which Hy Cite Enterprises, LLC used an artificial or prerecorded voice, (4) from October 22, 2020 through September 10, 2025.

Pursuant to Fed. R. Civ. P. 23, this Court finally certifies Plaintiff as the class representative, and Michael L. Greenwald of Greenwald Davidson Radbil PLLC ("GDR") as class counsel. *See, e.g.*, *Jewell v. HSN, Inc.*, No. 19-cv-247-jdp, 2020 WL 4904427, at *2 (W.D. Wis. Aug. 19, 2020) (Peterson, J.) (appointing GDR as co-Class Counsel in TCPA class action).

Pursuant to this Court's Order Preliminarily Approving the Settlement, the approved class action notices were mailed. The form and method for notifying the settlement class members of the settlement and its terms and conditions were in conformity with this Court's Order Preliminarily Approving the Settlement and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. This Court finds that the notice was clearly designed to advise settlement class members of their rights.

This Court again finds, for the reasons this Court included in the Order Preliminarily Approving the Settlement, that the settlement class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.     The settlement class is so numerous that joinder of all members is impracticable as the Parties represent that there are thousands of persons who may meet the class definition.

B.     Common questions exist as to each settlement class member. Here, each settlement class member is alleged to have suffered same alleged injury: receipt of at least one artificial or prerecorded voice call from Defendant to his or her cell phone and the class member was not a customer or account holder with Defendant when receiving those calls.

C.      Plaintiff's claims are typical of the claims of the settlement class members, as she is not a customer of Defendant but received artificial or prerecorded voice calls from Defendant on her cellular telephone.

D.      Plaintiff and class counsel have and will continue to fairly and adequately protect the interests of all of settlement class members.

E.      Questions common to settlement class members predominate over any questions affecting only individual members.

F.      A class action is superior to other available methods for the fair and efficient adjudication of this matter.

This Court finds that that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors:

A.      The amount of opposition to settlement among affected parties:

☐ class members objected to the settlement and ☐ persons excluded themselves from the settlement, weighing in favor of approval.

B.      The complexity, length and expense of continued litigation:

Expert depositions, and significant motion practice lay ahead, including additional briefing on Plaintiff's motion for class certification, and likely competing motions for summary judgment. Given the considerable work already performed in this matter—and the work left to perform, including any appeals—settlement here is warranted.

C.      The stage of the proceedings and the amount of discovery completed:

The Parties engaged in significant discovery, including written discovery, document productions, and depositions, focused both on Plaintiff's individual claims and on those of absent

settlement class members. The settlement was, therefore, consummated when the Parties were well-informed regarding the strengths and weaknesses of their respective positions. Moreover, the Parties reached an agreement to resolve this matter only after mediating with Seamus Duffy and after Plaintiff filed her motion for class certification. The settlement is therefore not a product of collusion but was the result of good faith, arm's-length settlement negotiations, as directed by an experienced class action mediator.

D.     The strength of the plaintiff's case compared to the terms of the proposed settlement:

Despite obstacles, and with the assistance of a highly respected mediator, Plaintiff negotiated a settlement that compares favorably to other TCPA class action settlements. To be sure, the per-claimant recovery exceeds that of some other recently approved TCPA class action settlements. What's more, the settlement provides class members with real monetary relief, despite the purely statutory damages at issue—damages that courts have deemed too small to incentivize individual actions. Therefore, because of the settlement, settlement class members will receive money they otherwise would have likely never pursued on their own. In addition, the settlement will result in changed business practices on the part of Defendant.

In the end, the settlement constitutes an objectively favorable result for settlement class members and outweighs the mere possibility of future relief after protracted and expensive litigation.

E.   The opinion of competent counsel:

GDR is highly experienced in class action litigation, particularly in cases under the TCPA. And GDR states that it firmly believes that the settlement is fair, reasonable, adequate, and in the best interests of class members.

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

(A)     the class representative and class counsel have adequately represented the class;

(B)     the proposal was negotiated in good faith and at arm's length;

(C)     the relief provided for the class is adequate, taking into account:

    (i)     the costs, risks, and delay of trial and appeal;

    (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv)    any agreement required to be identified under Rule 23(e)(3); and

(D)     the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A.     <u>Settlement Fund</u> – Defendant will establish a $4,750,000 non-reversionary fund (the "Settlement Fund").

B.     <u>Deductions</u> – The following are to be deducted from the Settlement Fund before any other distributions are made:

a.      The costs for the administration of the settlement and class notice;

b.      An incentive award to Plaintiff in the amount of $15,000;

c.      GDR's attorneys' fees, in the amount of $_____; and

c.      Reimbursement of GDR's reasonable litigation costs and expenses in the amount of $_____.

C.      <u>Settlement Payments to Class Members</u> – Each settlement class member who has submitted a valid and timely claim form will receive compensation as set forth in the Agreement. Each settlement payment will be void one-hundred twenty (120) days after issuance.

The settlement class members were given an opportunity to object to the settlement. **[#]** settlement class members objected to the settlement or the requests for attorneys' fees, costs, or expenses. **[#]** settlement class members made a valid and timely request for exclusion.

This order is binding on all settlement class members, except the following individuals who made valid and timely requests for exclusion:

- **[names]**;

Plaintiff, settlement class members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the released claims against the released parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This final order and judgment bars and permanently enjoins Plaintiff and all members of the settlement class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class

7

allegations or seeking class certification in a pending action), asserting the released claims, and (b) attempting to effect opt-outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that settlement class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

This Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

For the reasons set forth in Plaintiff's motion for attorneys' fees, costs, and expenses, and an incentive award, ECF No. [#], class counsel's request for an award of attorneys' fees of $_____, is approved, as is Plaintiff's request for an incentive award of $15,000.

Class counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of $_____ is approved. *See id*.

IT IS SO ORDERED.

Entered: _____

BY THE COURT:

_____

JAMES D. PETERSON
District Judge