IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANGELA KEITH,
On behalf of herself and others similarly situated,

Plaintiff,

v.

HY CITE ENTERPRISES, LLC,

Defendant.

OPINION and ORDER
*10.6 DRAFT*

24-cv-729-jdp

---

**ORDER APPROVING SETTLEMENT**

---

Plaintiff Angela Keith filed a class action complaint against defendant Hy Cite Enterprises, LLC in the United States District Court for the Western District of Wisconsin, No. 3:24-cv-00729, asserting class claims under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

After appropriate arms-length negotiations, the parties entered into a written class action settlement agreement, Dkt. 27, which is subject to review under Fed. R. Civ. P. 23.

On November 10, 2025, the parties filed the settlement agreement, along with plaintiff's unopposed motion for preliminary approval of the settlement. Dkt. 25.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, defendant caused to be served written notice of the proposed class settlement as directed.

On March 24, 2026, the court entered an order of preliminary approval of the class action settlement. Dkt. 30. In the preliminary approval order, the court (i) certified a class of plaintiffs under Federal Rule of Civil Procedure 23; (ii) approved James Davidson and Michael

Greenwald of Greenwald Davidson Radbil, PLLC as class counsel; (iii) preliminarily approved the proposed settlement; and (iv) set the date and time of the settlement approval hearing.

On May 27, 2026, Plaintiff filed a motion for attorneys' fees, costs, and expenses, and an incentive award. Dkt. 31.

On August 25, 2026, Plaintiff filed a motion for final approval of class action settlement. Dkt. 36.

On October 6, 2026, a final fairness hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court.

The parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

This Court has read and considered the settlement agreement, motion for final approval, and the record of these proceedings.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

The court has jurisdiction over the subject matter of the lawsuit and the settling parties.

The settlement class is defined as:

**Certified Class**

> All persons throughout the United States (1) to whom Hy Cite Enterprises, LLC placed a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a Hy Cite Enterprises, LLC customer or accountholder, (3) in connection with which Hy Cite Enterprises, LLC used an artificial or prerecorded voice, (4) from October 22, 2020, through September 10, 2025

The court finds that notice of the settlement was provided to the class in a reasonable manner in accordance with Federal Rule of Civil Procedure 23(e)(1)(B).

The motion for final approval of the settlement agreement, Dkt. 36, is GRANTED. The court finds that the settlement embodied in the settlement agreement is fair, reasonable and adequate to the settlement class under Federal Rule of Civil Procedure 23(e)(2). The settlement agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this court.

The settlement class members were given an opportunity to object to the settlement. No settlement class members objected to the settlement or the requests for attorneys' fees, costs, or expenses. No settlement class members made a valid and timely request for exclusion. This order is binding on all settlement class members.

Class counsel's motion for an award of attorney fees, costs and expenses, and a service award, Dkt. 31, is GRANTED in part and DENIED in part. Class counsel is awarded $1,514,799.99 in attorney fees and $11,234.01 in costs and litigation expenses. Plaintiff Angela Keith is awarded $15,000 as a service award.

The lawsuit is hereby dismissed with prejudice. The clerk of court is directed to enter judgment and close this case.

Entered ____________________, 2026.

BY THE COURT:

______________________________

JAMES D. PETERSON
District Judge